JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2755

DOUGLAS A. PASSON, # 017423
doug_passon@fd.org
Asst. Federal Public Defender
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR-09-8101-PCT-JAT |
| vs. | SENTENCING MEMORANDUM |
| Bryan Bigman, | |
| Defendant. | |

Defendant Bryan Bigman, through undersigned counsel, respectfully submits the following sentencing memorandum. Mr. Bigman, for the reasons set forth in this Memorandum, respectfully requests that this Court sentence him to the within guideline range of 87 months.

Respectfully submitted this 27th day of September 2010.

JON M. SANDS
Federal Public Defender

*s/ Douglas A. Passon*
DOUGLAS A. PASSON
Asst. Federal Public Defender

# MEMORANDUM

## I. FACTS

### A. Overview

Defendant Bryan Bigman is a 35-year old man with relatively little criminal history. Up until the commission of this offense, his life has been defined by hard work and loving familial relationships. Prior to this, his most serious criminal history consists of a DUI offense from approximately five years ago. In this case, Mr. Bigman's cooperation, remorse, and acceptance of responsibility are prevalent. There is also enough evidence to show that this was not a case involving the use of force, which resulted in a plea concerning the non-force counts of the indictment.

## II. LAW AND ARGUMENT

### A. Overview

As this Court is aware, the Supreme Court has substantially altered the sentencing landscape with recent decisions such as *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S.Ct. 586 (2007). As a result, the "one size fits all" approach of the guidelines has been overturned in favor of giving judges far greater discretion to consider the individualized circumstances of a case. Accordingly, although a sentencing court must still consider the guidelines range, it serves merely as a single factor part of the larger sentencing scheme set forth in 18 U.S.C. § 3553(a). However, in this case, the defendant is not seeking a below-guideline sentence. Indeed, the requested sentence represents approximately the middle of the applicable range. In this case, the guidelines correctly implement the factors set forth in § 3553(a).

**B.    Nature and Circumstances of The Offense**

Obviously, the offense here is serious.  However, as previously stated, there is ample evidence that the acts were not forced and that the victim in this case, was simultaneously engaging in consensual sex within her own peer group. *Government Discovery ("Govt. Disc.")* at 55.  Moreover, Mr. Bigman contributed significantly to the government's case by cooperating with law enforcement and also has demonstrated a substantial amount of remorse.  Ironically, had Mr. Bigman opted to say nothing or deny his involvement, he might have escaped punishment, or be facing substantially less punishment than he now faces.  In that regard, his cooperation, remorse, and acceptance of responsibility are truly significant offense factors.

**C.    History and Characteristics of Defendant**

As stated, Mr. Bigman has a minimal criminal history.  To his credit, he has demonstrated that when he does commit a wrongdoing, he takes responsibility for it and tries to right the wrong.  This is amply demonstrated by his actions after sustaining a felony DUI conviction several years ago.  After that, he dedicated himself to maintaining his sobriety and following the mandates of the court and his probation officer.  *PSR ¶ 39.*  This is an important accomplishment given the pervasive nature of alcoholism and the temptations he routinely faces on the Reservation.  Mr. Bigman's success in that case bodes extremely well for his future rehabilitative prospects in this matter.  It is also important to note that Mr. Bigman himself has been the victim of sexual abuse.  It is possible that such prior trauma contributed to his actions here.  Thus, although the nature of this crime is admittedly serious, it appears situational and not likely to be repeated, particularly after Mr. Bigman is provided with appropriate counseling and treatment.

**D.     Other § 3553 Sentencing Factors**

   **1.     *Reflect seriousness of offense, promote respect for the law, provide just punishment, deterrence, and public protection.***

Every defendant is different and every offense is different.  This is precisely why the guidelines are often such a dull tool.  In this case, however, a sentence of over seven years of imprisonment, followed by lifetime supervision is quite substantial, especially given the additional penalties that flow from this kind of offense, and the additional punishments this Court has at his disposal should Mr. Bigman chose not to comply with supervision.  The requested sentence more than meets the listed goals of sentencing.

## III.     CONCLUSION

After considering all factors in this case, including the advisory guidelines, and all factors set forth in 18 U.S.C. § 3553, it is clear that a just sentence in this case is 87 months in the Bureau of Prisons followed by lifetime supervision (pursuant to the plea agreement).

Respectfully submitted this 27th day of September 2010.

JON M. SANDS
Federal Public Defender

  *s/ Douglas A. Passon*
DOUGLAS A. PASSON
Asst. Federal Public Defender

Copy of the foregoing transmitted by CM/ECF for filing this 27th day of September 2010 to:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, AZ  85003

Dyanne Greer
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

Lisa Fields
U.S. Probation
Sandra Day O'Connor Courthouse
401 W. Washington, Suite 160
Phoenix, AZ  85003

Brian Bigman
Defendant


 *s/ Douglas A. Passon*
Douglas A. Passon