### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

**United States of America**

**v.**

**Bryan Bigman**
Aliases: Brian Bigman

USM#: 80671-208

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

**No.  CR 09-08101-001-PCT-JAT**

Douglas A. Passon (AFPD)
Attorney for Defendant

**THE DEFENDANT ENTERED A PLEA OF** guilty on 5/21/2010 to Counts 2, 5 and 7 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §1153, 2243(a) and 2246(2(A), CIR - Sexual Abuse of a Minor,  Class C Felony offenses, as charged in Counts 2 and 7 of the Indictment; violating Title 18, U.S.C. §1153, 2243(a) and 2246(2)(D), a Class C Felony, as charged in Count 5 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **NINETY SEVEN (97) MONTH** on Counts  2, 5 and 7, all counts to run <u>concurrently</u>, with credit for time served.  Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **LIFE** on Counts 2, 5 and 7, all counts to run <u>concurrently</u>.  The Court recommends that the defendant be evaluated for placement in and participate in the Bureau of Prisons Sex Offender Treatment Program.

**IT IS FURTHER ORDERED** that all remaining counts (Counts 1, 3, 4 and 6) are dismissed on motion of the United States.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:**  $300.00      **FINE:**  $waived      **RESTITUTION:**  $-0-

The defendant shall pay a total of $300.00 in criminal monetary penalties, due immediately.  Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal quarterly installments of $25.00 over a period of sixty (60) months to commence thirty (30) days after the date of this judgment.

The Court finds the defendant does not have the ability to pay and orders the fine waived.

The Court is advised by the Government that the victim is not seeking restitution.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility  Program.  Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC

1, Phoenix, Arizona 85003-2118.  Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c).  The total special assessment of $300.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for  Counts 2, 5 and 7  of the Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision.  Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address.  The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **LIFE** on Counts 2, 5 and 7, all counts to run <u>concurrently</u>.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 05-36, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:

1)  You shall not commit another federal, state, or local crime during the term of supervision.
2)  You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3)  You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4)  You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5)  You shall support your dependents and meet other family responsibilities.
6)  You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7)  You shall notify the probation officer at least ten days prior to any change of residence or employment.
8)  You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9)  You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner.  Possession of controlled substances will result in mandatory revocation of your term of supervision.
10)  You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11)  You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12)  You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13)  You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14)  You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15)  As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16)  If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.  If you have ever been convicted

of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition.  Possession of a firearm will result in mandatory revocation of your term of supervision.  This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.

17)   Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18)   If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19)   You shall pay any monetary penalties as ordered by the Court.  You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

20)   If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1.   You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse.  You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2.   You shall attend a sex offender treatment program as approved by the probation officer. Treatment may include physiological testing such as plethysmography and ABEL Assessment. You shall abide by the policies and procedures of the program. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

3.   You shall submit to periodic polygraph testing as approved by the probation officer as a means to determine compliance with the requirements of your therapeutic program.  No violation proceedings will arise solely on the results of a polygraph examination or a valid Fifth Amendment refusal to answer a polygraph question.

4.   You shall reside in a residence approved, in advance, by the probation officer.  Any changes in the residence must be pre-approved by the probation officer.

5.   You shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256. You shall not possess, view, or otherwise use any other material that is sexually stimulating or sexually oriented deemed to be inappropriate by the probation officer.   You will submit any records requested by the probation officer to verify your compliance with this condition.  You shall not enter any location where the primary function is to provide these prohibited materials.

6.   You shall register with all state and tribal sex offender agencies in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.

7.   You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

8.   You shall not be in the company of or have contact with children under the age of 18, to include your own children, without prior approval of the probation officer.  Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party. You shall immediately report any contact to the probation officer.

9.   You shall not directly or indirectly contact the victim in the instant offense or the victim's family, without prior approval of the probation officer, and the probation officer will verify compliance. Indirect contact includes, but is not limited to, letters, communication devices, audio or visual devices, or communication through a third party.  You shall immediately report any contact to the probation officer.

CR 09-08101-001-PCT-JAT                                                       Page 4 of 4
USA vs. Bryan Bigman

10.   You are restricted from engaging in any occupation, business, or profession where you have
      access to children under the age of 18, without prior approval of the probation officer.
      Acceptable employment shall include a stable, verifiable work location and the probation officer must
      be granted access to your work site.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea
agreement and that you have waived your right to appeal and to collaterally attack this matter. The
waiver has been knowingly and voluntarily made with a factual basis and with an understanding of
the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of
supervision, if less than the authorized maximum, at any time during the period of probation or
supervised release.  The Court may issue a warrant and revoke the original or any subsequent
sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment
to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons and recommends:
that the defendant be evaluated for placement in and participate in the Bureau of Prisons Sex
Offender Treatment Program

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence:  **Monday, October 4, 2010**

DATED this 5th day of October, 2010.

_____
James A. Teilborg
United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution
designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____          By:_____
United States Marshal                                              Deputy Marshal

CR 09-08101-001-PCT-JAT - Bigman                                                          10/4/10 2:51pm